UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY UNDERWOOD & JOYCE AGIOBENEBO,<br><br>              Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, *et al.*<br><br>              Defendants. | Case No.: 25-cv-00088-JO-VET<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. 21] WITH LEAVE TO FILE SECOND AMENDED COMPLAINT** |

On June 23, 2025, the Court held oral argument on Defendants' motion to dismiss Plaintiffs' first amended complaint. At oral argument, Plaintiffs clarified that they were pursuing the following claims: (1) that Defendants Kern, Meredith, and Kinoshita denied Plaintiffs physical access to their daughter A.A. through their actions on January 19, 2024 and January 22, 2024; (2) that Defendants Kern and Meredith made false statements to police and child protective services on January 19, 2024 and January 22, 2024 depicting Plaintiffs as abandoning and neglecting A.A., and these false statements impacted the outcome of legal proceedings concerning custody of A.A.; (3) that Defendants Kern, Meredith, and Kinoshita violated the Fourteenth Amendment, the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Protection of Pupil Rights Amendment ("PPRA"), 20 U.S.C. § 1232h; and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, when they removed Plaintiff Underwood's name from A.A.'s enrollment forms when he is her father, and this action prevented him from being able to pick her up from school on January 22, 2024 and from participating in her education; (5) that Defendants held A.A. after school on January 22, 2024 for an interview with social workers without Plaintiffs' consent in violation of the Fourth Amendment; and (6) that Defendants physically removed Plaintiff Agiobenebo from the school building in violation of the Fourth Amendment.

For the reasons stated on the record, the Court orders as follows:

1. Based on Plaintiffs' stipulation, Plaintiffs' claim based on Defendants filing a false mandatory report of child abuse is dismissed with prejudice.
2. Because the Court finds that Plaintiffs' claims against Defendant San Diego Unified School District are barred by Eleventh Amendment sovereign immunity, Plaintiffs' claims against Defendant San Diego Unified School District are dismissed with prejudice. Because the Court raised this issue *sua sponte*, Plaintiffs may request that the Court reconsider this decision by **July 23, 2025**. Failure to do so will be considered waiver of this issue.
3. Plaintiffs' claim that Defendants Kern and Meredith made false statements to police and child protective services on January 19, 2024 and January 22, 2024 that impacted A.A.'s custody proceedings (i.e., their judicial deception claim) is dismissed with leave to amend.
4. Based on Plaintiffs' stipulation, Plaintiffs' above judicial deception claim against Defendant Kinoshita is dismissed with prejudice.
5. To the extent that Plaintiffs' claims against Defendants Kern, Meredith, and Kinoshita for removing Plaintiff Underwood's name from A.A.'s enrollment forms

      are based on the IDEA, they are dismissed with leave to amend. The Court finds that Plaintiffs have not alleged that A.A. was denied an individualized education plan (IEP) or otherwise deprived of a free appropriate public education. Nor do Plaintiffs allege facts regarding the denial of their parental rights to participate in the development of an IEP. *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 523 (2007) (discussing scope of enforceable rights under the IDEA). Moreover, alleged violations of the IDEA must be brought under the IDEA's statutory enforcement scheme, not under 42 U.S.C. § 1983. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA"); *see also* 20 U.S.C. § 1415 (Procedural Safeguards). The Court dismisses these claims without prejudice. If Plaintiffs wish, they may amend these claims.

6. To the extent that Plaintiffs' claims against Defendants Kern, Meredith, and Kinoshita for removing Plaintiff Underwood's name from A.A.'s enrollment forms are based on the PPRA, the Court finds that Plaintiffs have not alleged any violation of their right to access "[a]ll instructional materials, including teacher's manuals, films, tapes, or other supplementary material which will be used in connection with any survey, analysis, or evaluation as part of any applicable program." 20 U.S.C. § 1232h(a). The Court dismisses these claims without prejudice. If Plaintiffs wish, they may amend these claims.

7. Finally, to the extent that Plaintiffs also seek to allege a claim for a FERPA violation[1], the Court finds that they do not have a legally valid claim under this statute. While FERPA provides parents certain rights to access, review, and modify their children's school records, including their children's enrollment forms and IEPs,

---

[1] While Plaintiffs do not allege a violation under this statute, given their *pro se* status, the Court liberally construes their complaint as attempting seek its protections.

20 U.S.C. § 1232g, it does not create individual rights that may be enforced through a private right of action or under § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002). Therefore, the Court finds that Plaintiffs cannot bring any claim based on FERPA violations. Because these issues were not fully briefed, the Court dismisses these claims without prejudice. If Plaintiffs wish, they may amend these claims or seek reconsideration. If Plaintiffs seek reconsideration, they must do so by **July 23, 2025**. If Plaintiffs do not include FERPA claims in their second amended complaint or seek reconsideration by July 23, 2025, the Court will consider the issue waived.

Plaintiffs are granted leave to file a second amended complaint by **July 7, 2025.** Plaintiffs' second amended complaint must be complete by itself without reference to their prior pleadings; any defendants not named and claims not re-alleged in the second amended complaint will be considered waived. *See* S.D. Cal. Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be considered "waived if not repled" in the amended pleading). If Plaintiffs do not amend, Defendants may file a motion to dismiss the remaining claims by **July 21, 2025**. Per the Court's June 16, 2025 minute order, the second amended complaint must refer to A.A. and any other minor children by initials only. *See* Dkt. 23.

**IT IS SO ORDERED**.

Dated: June 25, 2025

_____
Honorable Jinsook Ohta
United States District Judge