UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY UNDERWOOD & JOYCE AGIOBENEBO,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, *et al.*<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-00088-JO-VET<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. 35] WITH LEAVE TO FILE THIRD AMENDED COMPLAINT** |

　　　　On October 16, 2025, the Court held oral argument on Defendants' motion to dismiss Plaintiff's[1] Second Amended Complaint. At oral argument, Plaintiff clarified that he was pursuing the following claims: (1) that Defendants Kern and Meredith made false statements to police and child protective services on January 19, 2024 depicting Plaintiff as neglecting his daughter A.A., and made false statements on January 22, 2024 that Plaintiff was not A.A.'s father, and these false statements impacted the outcome of A.A.'s

---

[1] At oral argument, Plaintiff Underwood informed the Court that Ms. Agiobenebo is no longer a plaintiff in the suit.

custody proceedings (i.e., a judicial deception claim); (2) that Defendant Kern[2] denied Plaintiff physical access to A.A. by lying about her whereabouts on January 19, 2024, in violation of his right to familial association; (3) that Defendant Kern held A.A. after school on January 22, 2024 for an interview with social workers without Plaintiff's consent, in violation of his right to familial association; (4) that Defendants Kern, Meredith, and Kinoshita retaliated against Plaintiff for asking about Defendants' January 19, 2024 investigation of the mandatory report of child abuse by removing Plaintiff's name from A.A.'s enrollment form and excluding him from the school on January 22, 2024; (5) that Defendants Kern, Meredith, and Kinoshita excluded Plaintiff from participating in A.A.'s education after removing his name from her enrollment form on January 22, 2024, violating his Fourteenth Amendment right to direct his child's education; and (6) that Defendants violated Ms. Agiobenebo's Fifth Amendment rights by pressuring her to do an interview with a social worker on January 22, 2024.

For the reasons stated on the record, the Court orders as follows:

1. The Court maintains its prior ruling dismissing with prejudice Plaintiff's claims against Defendant San Diego Unified School District as barred by Eleventh Amendment sovereign immunity. *See* Dkt. 27.
2. Plaintiff's claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Protection of Pupil Rights Amendment ("PPRA"), 20 U.S.C. § 1232h; and the Family Educational Rights and Privacy Act ("FERPA"), 20

---

[2] Plaintiff previously stipulated to dismiss his judicial deception claim against Defendant Kinoshita. *See* Dkt. 27. To the extent that Plaintiff seeks to bring his judicial deception claim against Defendant Meredith, this claim is dismissed with prejudice because Plaintiff pleads that Meredith truthfully told him that A.A. was still at the school on January 19, 2024. *See* Dkt. 32, Second Amended Complaint at 9:25–28.

U.S.C. § 1232g, are dismissed with prejudice because Plaintiff failed to reallege these claims in his Second Amended Complaint.

3. Plaintiff's judicial deception claim that Defendants Kern and Meredith made false statements to police and child protective services on January 19, 2024 depicting Plaintiff as neglecting A.A., and false statements on January 22, 2024 that Plaintiff was not A.A.'s father, and these false statements impacted the outcome of A.A.'s custody proceedings, is dismissed with leave to amend. Because the Court previously granted Plaintiff leave to amend this claim, this will be his final opportunity to amend.

4. The Court grants Defendants the opportunity to specifically address Plaintiff's claim that Defendant Kern denied him physical access to his daughter A.A. on January 19, 2024 by lying about her whereabouts. The Court notes that parents have a familial association right to not be separated from their children without consent or a court order, unless the state actor has reasonable cause to believe that the child is in imminent danger of serious bodily injury and removal is necessary to prevent the imminent injury. *Keates v. Koile*, 883 F.3d 1228, 1236–38 (9th Cir. 2018) (right has been analyzed under First, Fourth and Fourteenth Amendments). To make out this type of claim, "plaintiffs must establish that an actual loss of custody occurred; the mere threat of separation or being subject to an investigation, without more, is insufficient." *Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1152 (9th Cir. 2020). Additionally, a plaintiff must show that the government interference with the family relationship "shocks the conscience." *See Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011). To show that conduct "shocks the conscience," a plaintiff must allege that the defendant acted with the purpose of harming the plaintiff, or with deliberate indifference, which means that the defendant knew of and disregarded a known or obvious risk to the plaintiff. *Scott v. Smith*, 109 F.4th 1215, 1228 (9th Cir. 2024). Because Defendants represented that they were not aware of the specific nature of this claim, the Court grants Defendants the

opportunity to move to dismiss this claim after Plaintiff files his Third Amended Complaint.

5. Plaintiff's claim that Defendant Kern held A.A. after school on January 22, 2024 for an interview with social workers without Plaintiff's consent, in violation of his right to familial association, is dismissed with prejudice. Even if Plaintiff has plausibly alleged that Defendant Kern violated his familial association rights by holding A.A. at the school for an interview with a social worker without consent, Defendant Kern is entitled to qualified immunity because parents' and children's right to be free from schoolhouse interviews by social workers was not clearly established as of January 22, 2024. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity shields Defendants if right at issue was not "'clearly established' at the time of defendant's alleged misconduct"); *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 809 (9th Cir. 2024) (as of February 2024, no clearly established right to be free from schoolhouse interviews by social workers investigating abuse or neglect claims).[3]

6. Plaintiff clarified at oral argument that he claims that Defendants Kern, Meredith, and Kinoshita retaliated against him for asking about Defendants' January 19, 2024 investigation of the mandatory report of child abuse by removing his name from A.A.'s enrollment form and excluding him from the school. Because the scope of this claim was only clarified at oral argument and Defendants have not had an opportunity to fully brief it, Defendants may challenge this claim in their motion to dismiss Plaintiff's Third Amended Complaint.

7. Plaintiff's claim that Defendants Kern, Meredith, and Kinoshita excluded Plaintiff from participating in A.A.'s education after removing his name from her enrollment

---

[3] To the extent that Plaintiff seeks to bring this claim as a Fourth Amendment claim on A.A.'s behalf, he may not do so because he is proceeding *pro se*. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). At oral argument, Plaintiff confirmed that he is not bringing this claim as a Fourth Amendment claim on A.A.'s behalf. Based on his representation, this claim is dismissed with prejudice.

form on January 22, 2024 is dismissed with leave to amend. Parents have a substantive due process right under the Fourteenth Amendment to "direct the upbringing and education of children under their control." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 744 (9th Cir. 2025), *cert. denied sub nom. HARTZELL, REBECCA v. MARANA SCH. DIST., ET AL.*, No. 25-143, 2025 WL 2906524 (U.S. Oct. 14, 2025) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion); *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923); *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 535 (1925)). This right "is often called the *Meyer-Pierce* right." *Id.* Here, the Court dismisses Plaintiff's *Meyer-Pierce* claim because Plaintiff has not alleged how these Defendants excluded him from participating in A.A.'s education after his name was removed from her enrollment form on January 22, 2024. The Court grants Plaintiff leave to amend so he may add these allegations.

8. Plaintiff's claim that Defendants violated Ms. Agiobenebo's Fifth Amendment rights by pressuring her to do an interview with a social worker on January 22, 2024 is dismissed with prejudice because Ms. Agiobenebo is no longer a plaintiff in the suit and Plaintiff may not maintain claims on her behalf. *See Johns*, 114 F.3d at 874 (*pro se* plaintiff may not bring claims on behalf of others). If she wishes, Ms. Agiobenebo may bring this claim in a separate suit.

9. To the extent that Plaintiff brings any other claims, the Court dismisses those claims under Fed. R. Civ. P. 8 because the Court is unable to decipher them.

10. Plaintiff is granted leave to file a Third Amended Complaint by **November 5, 2025.** In his Third Amended Complaint, Plaintiff may not add new claims and shall only include the following claims that remain after this Court's rulings: (1) Plaintiff's judicial deception claim that Defendants Kern and Meredith made false statements to police and child protective services on January 19, 2024 depicting Plaintiff as neglecting his daughter A.A., and false statements on January 22, 2024 that Plaintiff was not A.A.'s father, and these false statements impacted the outcome of A.A.'s custody proceedings; (2) that Defendant Kern denied him physical access to A.A.

on January 19, 2024 by lying about her whereabouts; (3) that Defendants Kern, Meredith, and Kinoshita retaliated against Plaintiff for asking about Defendants' January 19, 2024 investigation of the mandatory report of child abuse by removing Plaintiff's name from A.A.'s enrollment form and excluding him from the school on January 22, 2024; and (4) that Defendants Kern, Meredith, and Kinoshita excluded Plaintiff from participating in A.A.'s education after removing his name from her enrollment form on January 22, 2024, violating his Fourteenth Amendment right to direct his child's education.

11. Plaintiff's Third Amended Complaint must be complete by itself without reference to prior pleadings; any defendants not named and claims not re-alleged in the Third Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend may be considered "waived if not repled" in the amended pleading).

12. If Plaintiff does not amend, Defendants may file a motion to dismiss the remaining claims by **November 12, 2025**. Per the Court's June 16, 2025 minute order, the Third Amended Complaint must refer to A.A. and any other minor children by initials only. *See* Dkt. 23.

**IT IS SO ORDERED**.

Dated: October 22, 2025

Honorable Jinsook Ohta
United States District Judge